IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICOLE R. TAJKOWSKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 3:18-cv-352

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #12); SUSTAINING IN PART AND
OVERRULING IN PART DEFENDANT'S OBJECTIONS THERETO
(DOC. #13); REVERSING COMMISSIONER'S NON-DISABILITY
FINDING; REMANDING TO SOCIAL SECURITY ADMINISTRATION
UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER
EXPEDITED PROCEEDINGS BEFORE A DIFFERENT
ADMINISTRATIVE LAW JUDGE; JUDGMENT TO ENTER IN FAVOR
OF PLAINTIFF AND AGAINST DEFENDANT; TERMINATION ENTRY

---

Plaintiff, Nicole R. Tajkowski, has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

A.

The Court presumes the parties' familiarity with the relevant facts and procedural history. Plaintiff has degenerative disc disease in her lumbar spine, fibromyalgia, obesity, obstructive sleep apnea, hypothyroidism, type II diabetes mellitus, a history of irritable bowel syndrome and severe headaches, depressive

disorder and anxiety disorder. She alleges a disability onset date of May 30, 2008. Her date last insured was March 31, 2012. She first applied for disability benefits in March of 2013.

On February 19, 2014, Plaintiff's treating physician, Tina Godwin, D.O., opined that Plaintiff is unable to perform any type of work on a competitive basis. She stated that Plaintiff's "debilitating and unpredictable pain and fatigue related to fibromyalgia limit Nicole's ability to work on a reliable basis due to needing rest/pain medication." In addition, "fatigue and depression are profound making it impossible to predict days/times Nicole would be able to carry out any physical requirements without injury and social interaction without mental distress." She would have unpredictable absences. According to Dr. Godwin, Plaintiff is unable to lift more than 5 pounds without pain. Plaintiff cannot walk more than ten steps without fatigue, or stand more than one or two minutes without pain. She is capable of sitting for up to thirty minutes at a time, but only for one or two hours during an 8-hour workday. *Tajkowski v. Comm'r of Soc. Sec.*, No. 3:16-cv-299, Doc. #5-8, PageID##1024-30.

Rejecting Dr. Godwin's opinion, in 2015, the Administrative Law Judge ("ALJ") concluded that Plaintiff had the residual functional capacity to perform light work with certain restrictions. *Id.*, Doc. #5-2, PageID##77-85. In 2017, this Court vacated the Commissioner's non-disability finding and remanded the matter to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration. The Court found that the ALJ did not properly address

2

the "treating physician rule," and that his reasons for assigning "little weight" to Dr. Godwin's opinion were not supported by the record. *Id.*, Docs. #12, 13. Under the "treating physician rule," "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

**B.**

On remand, the same ALJ has again concluded that Plaintiff had the residual functional capacity to perform light work with certain restrictions and therefore was not disabled. Doc. #6-10, PageID##1222-39. Plaintiff alleges that, in so finding, the ALJ again reversibly erred in evaluating the treating source opinions and the medical evidence.

On January 30, 2020, United States Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #12, recommending that the Court reverse the Commissioner's non-disability finding, and remand the matter under sentence four of 42 U.S.C. § 405(g) for payment of benefits. Defendant has filed Objections to the Report and Recommendations, Doc. #13.

In reviewing the Commissioner's decision, the Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The

Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In her Report and Recommendations, Doc. #12, Magistrate Judge Ovington explained that opinions from treating sources "must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)). There exists a rebuttable presumption that, even if the treating source's opinion is not entitled to "controlling weight," it is entitled to "great deference." *Rogers*, 486 F.3d at 242. The ALJ must consider several factors to determine how much deference is warranted, including "the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Id.*

Magistrate Judge Ovington acknowledged that, on remand, the ALJ stated the correct test for determining whether a treating source's opinion is entitled to controlling weight. Although the ALJ went on to discuss the reasons why he again gave "little weight" to Dr. Godwin's opinion, there is no indication that he first considered the fact that there is a rebuttable presumption that Dr. Godwin's opinion is entitled to great deference. Magistrate Judge Ovington found this to be problematic, particularly given the fact that the ALJ placed "great weight" on the opinion of reviewing physician, Dr. Lynne Torello, without explaining why. Dr. Torello opined that Plaintiff retained the functional capacity to lift as much as 20

pounds occasionally and 10 pounds frequently and can sit and stand/walk for up to six hours during each eight-hour workday.

Magistrate Judge Ovington determined that several reasons given by the ALJ for rejecting Dr. Godwin's opinion were problematic. For example, the ALJ noted that Dr. Godwin did not begin treating Plaintiff until one year after the date last insured. However, he failed to acknowledge that the Court previously recognized that Dr. Godwin's opinions were consistent with those of Plaintiff's former physician, Dr. Lisa Kaiser, who practiced in the same office as Dr. Godwin and treated Plaintiff before her insured status expired. Doc. #12, PageID#2527. In addition, the ALJ himself relied on treatment notes and MRI results from 2017, which was *five years* after Plaintiff's insured status had expired. *Id.* Moreover, to the extent that the ALJ found that Dr. Godwin's opinion was based "largely, if not entirely," on Plaintiff's subjective complaints, the Magistrate Judge found that the ALJ ignored the Court's previous finding that Dr. Godwin's opinion was also based on physical examinations and a review of Plaintiff's medical history. *Id.* at PageID##2527-28. She concluded that, because the ALJ's non-disability finding was not supported by substantial evidence, it must be reversed.

"If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). However, "[a] judicial

award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

Magistrate Judge Ovington concluded that evidence of Plaintiff's disability was strong while contrary evidence was lacking. She therefore recommended a remand for an immediate award of benefits. In doing so, she noted that the record is complete, that this case is six years old (now seven), and has already been remanded once.

### C.

Defendant has raised several Objections to the Report and Recommendations. He argues that, although the Magistrate Judge may have disagreed with the outcome, the ALJ used the correct legal criteria. Defendant maintains that, because the non-disability finding is supported by substantial evidence, it should be affirmed. He further argues that, even if the Court finds that the analysis was deficient, remand for payment of benefits is not warranted.

Defendant first notes that the relevant Social Security regulations do not require the ALJ to explicitly recognize a "rebuttable presumption." Rather, if the ALJ determines that the treating source's opinion is not entitled to controlling weight, the ALJ must still give it deference and must weigh it "using all of the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188, at *4. Defendant argues that this is exactly what the ALJ did. He discussed all relevant factors and gave good reasons for concluding that Dr. Godwin's opinion was entitled to "little weight."

7

Standing alone, the ALJ's failure to explicitly mention the "rebuttable presumption" that a treating source's opinion is entitled to great deference is not reversible error. Nevertheless, the Court agrees with Magistrate Judge Ovington that the ALJ's assessment of the proper weight to be given to Dr. Godwin's opinion is somewhat problematic.

The ALJ cited several reasons for giving Dr. Godwin's opinion "little weight." First, he noted that Dr. Godwin did not begin treating Plaintiff until one year after March 31, 2012, the date Plaintiff was last insured, and did not render her opinion until February of 2014, almost two years after the expiration of Plaintiff's insured status.[1] As a general rule, this would render Dr. Godwin's opinion "minimally probative." *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010). However, in this case, the ALJ failed to recognize that Plaintiff was previously treated by Dr. Lisa Kaiser, another physician in Dr. Godwin's family practice group, prior to the date Plaintiff was last insured. Given that Dr. Godwin had direct access to Dr. Kaiser's treatment notes from the

---

[1] Although the ALJ discounted Dr. Godwin's opinion because she did not begin treating Plaintiff until one year after she was last insured, the ALJ also relied on a 2017 MRI, post-dating the date last insured by five years, to support his conclusion that Plaintiff's complaints of debilitating back pain were unsupported by clinical findings. Doc. #6-10, PageID#1234. Magistrate Judge Ovington found that "[t]his inconsistent application of a single rule bespeaks an ALJ straining to deny benefits. Doc. #12, PageID#2527.

8

relevant time period, Dr. Godwin's opinion is somewhat more probative than it may otherwise be.[2]

Defendant contends that Dr. Kaiser began treating Plaintiff just *one day* before the date last insured. In support, he cites to a form, completed by Dr. Kaiser, indicating that she first saw Plaintiff on March 30, 2012. Nevertheless, the record shows that Dr. Kaiser was very likely mistaken. Evidence shows that Plaintiff was treated in this office on at least four occasions during 2011. A chest x-ray, ordered on April 7, 2011, lists Dr. Kaiser as Plaintiff's primary care physician, Doc. #6-8, PageID#894, and other treatment notes from as early as March of 2011 appear to be signed by "Lisa Kaiser, M.D." Doc. #6-7, PageID##606, 610-14.

Magistrate Judge Ovington found that Dr. Godwin's opinion was consistent with the opinion of Dr. Kaiser. Defendant argues, however, that Dr. Kaiser never offered a "medical opinion." Social Security regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527 (a)(1). Dr. Kaiser's treatment notes indicate

---

[2] Defendant notes that Dr. Godwin did not affirmatively state that she reviewed Dr. Kaiser's notes. Rather Dr. Godwin simply answered a question that began "[b]ased on your review of the claimant's office chart, history and treatment . . . " It is safe to assume, a permissible inference, however, that Dr. Godwin would have familiarized herself with Plaintiff's medical history, as documented in the office chart, when she took over as Plaintiff's primary care physician.

9

that she treated Plaintiff for headaches, decreased memory, back pain, chronic diarrhea and nausea, depression and anxiety. Doc. #6-7, PageID##610-14. Although most of Dr. Kaiser's treatment notes do not necessarily reflect "judgments" about Plaintiff's work capabilities, one note, dated June 21, 2011, states "Disability?" *Id.* at PageID#613. The reasonable implication is that, during the relevant time period, Dr. Kaiser at least considered the possibility that Plaintiff may be eligible for disability benefits. To this limited extent, Dr. Godwin's opinion is arguably consistent with Dr. Kaiser's. Again, the ALJ failed to address this issue.

Defendant further argues that Dr. Kaiser's treatment notes show that Plaintiff complained of fatigue and decreased concentration, but not debilitating pain. He maintains that her treatment notes do not support Dr. Godwin's opinion that Plaintiff was able to lift only 5 pounds, or to stand and walk a total of one hour or sit a total of two hours during a workday. However, Dr. Kaiser's treatment notes do indicate that Plaintiff is always short of breath and that she can walk only a few steps, and has a handicap tag. Doc. #6-7, PageID#614. They also indicate that Dr. Kaiser treated Plaintiff for back pain, muscle spasms, and severe daily headaches prior to the date last insured. *Id.* at PageID##610-11. The ALJ did not discuss these.

To the extent that the ALJ found Dr. Godwin's opinion to be "highly speculative and based largely, if not entirely, on the claimant's subjective complaints," Magistrate Judge Ovington found that the ALJ ignored the Court's

previous finding that Dr. Godwin's opinion was also based on her physical examinations of Plaintiff and her review of Plaintiff's medical history. Defendant argues, however, that the Magistrate Judge cited to no specific records to support such a conclusion. He notes that, in support of her opinion, Dr. Godwin cited symptoms, not objective medical evidence.

Due to the nature of Plaintiff's impairments, however, the lack of objective medical evidence supporting Dr. Godwin's opinion is not surprising. The Sixth Circuit has recognized that "[u]nlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243. They often have normal muscle strength, normal neurological reactions and a full range of motion. *Id.*

In this case, Plaintiff was diagnosed with fibromyalgia as early as 2007 and has been treated for it ever since. The ALJ acknowledged that Plaintiff's medical records, which documented 12 tender points, irritable bowel syndrome, headaches, sleep disorder and severe fatigue, supported a medically determinable diagnosis of fibromyalgia. Doc. #6-10, PageID#1227. He nevertheless found that "[p]ersuasive evidence documenting any underlying impairment that would result in the degree of limitation described by Dr. Godwin is lacking." *Id.* at PageID#1234. He noted that the recommended treatment for Plaintiff's fibromyalgia, "nothing much beyond pain medication," was quite conservative and appeared to be somewhat effective. *Id.*

Assuming *arguendo* that the ALJ adequately explained his reasons for giving Dr. Godwin's opinion little weight, his non-disability finding must be reversed for another reason. As Magistrate Judge Ovington noted, the ALJ's decision to give "little weight" to Dr. Godwin's opinion is particularly troubling in this case because the ALJ "placed great weight on the opinions of Dr. Torello, a record-reviewing physician, without explaining why." Doc. #12, PageID#2526. The ALJ simply stated that "[n]o compelling evidence has been presented to show that the claimant lacked the capacity to perform the basic exertional capabilities . . . for light work through the date last insured. This finding is consistent with the functional capacity assessment presented by DDD reviewing physician Dr. Torello which is given great weight." Doc. #6-10, PageID#1234. As the Magistrate Judge noted, however, the ALJ did not weigh Dr. Torello's opinion under any particular factor. Doc. #12, PageID#2526. The Court agrees with Magistrate Judge Ovington's finding that "the ALJ erred by subjecting Dr. Godwin's treating-source opinions [to] more rigorous scrutiny than he applied to Dr. Torello's opinions." *Id.*

Defendant argues that, given the remand order, it is not surprising that the ALJ discussed Dr. Godwin's opinion at length. This is a point well-taken. The problem, however, stems from the fact that the ALJ gave no reason for giving Dr. Torello's opinion great weight, other than the fact that it was consistent with the ALJ's own conclusion that Plaintiff had the capacity to perform light work. *See Rogers*, 486 F.3d at 246 (holding that the ALJ's opinion was not supported by

substantial evidence where the ALJ "failed to explain in any illuminating way why he elected to elevate the opinion of a single non-treating non-examining orthopedic surgeon" over the conflicting opinions of plaintiff's treating physicians); *Hollon v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 577, 584 (S.D. Ohio 2015) (holding that "[s]imply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence"). For this reason, the Court concludes that the Commissioner's non-disability finding is not supported by substantial evidence and must be reversed.

### D.

The question, then, is whether this matter should be remanded a second time for further consideration, or whether an immediate award of benefits is warranted. Magistrate Judge Ovington concluded that evidence of Plaintiff's inability to work is strong and that contrary evidence is lacking. She further found that, because the factual record is complete, this case is six years old, and it has already been remanded once, another remand for further proceedings would only result in needless delay. She therefore recommended that the case be remanded for an immediate award of benefits.

Defendant, however, argues that, even if the Court finds that the ALJ's analysis was deficient, factual disputes remain and the record does not clearly establish that Plaintiff is entitled to disability benefits. Accordingly, an immediate award of benefits is not warranted.

13

The Court agrees. Proof of disability during the relevant time period in this case is not overwhelming. As the ALJ noted, much of the medical evidence post-dates the date Plaintiff was last insured. Doc. #6-10, PageID#1226. Although Plaintiff has a number of severe impairments, and Dr. Godwin's opinion supports a finding that Plaintiff is disabled, the ALJ has pointed out certain deficiencies in that opinion. Moreover, there is evidence to the contrary. As the ALJ noted, two other reviewing physicians, Frank Stroebel, M.D. and Leon Hughes, M.D., each concluded that Plaintiff failed to present compelling evidence of disability prior to the date last insured. *Id.* at PageID#1233. The third reviewing physician, Dr. Torello, concluded that Plaintiff retained the functional capacity to perform light work. Although the ALJ gave "great weight" to Dr. Torello's opinion, he failed to explain why.

As it now stands, the record does not establish that Plaintiff is clearly entitled to benefits. Given that Plaintiff first applied for benefits seven years ago, it is indeed unfortunate that the Court must again remand the case for additional proceedings. Nevertheless, under the circumstances presented here, it is necessary. <u>On remand, this case is to be assigned to a different ALJ</u>, who shall thoroughly review the entire record and conduct further proceedings in accordance with this Decision and Entry. Given the age of this case, the Court orders said proceedings to be conducted on an expedited basis.

E.

Defendant's Objections to the Report and Recommendations, Doc. #13, are SUSTAINED IN PART AND OVERRULED IN PART.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record, Doc. #6, the applicable law and the parties' briefs, this Court ADOPTS the Report and Recommendations to the limited extent that it recommends reversing the Commissioner's non-disability finding. Even assuming *arguendo* that the ALJ adequately explained why he gave little weight to the opinion of Dr. Godwin, Plaintiff's treating physician, he offered no explanation for giving great weight to the opinion of Dr. Torello, the reviewing physician. Because the ALJ's decision was not supported by substantial evidence, the Court REVERSES the non-disability finding of the Defendant Commissioner.

Given that the record does not adequately establish Plaintiff's entitlement to benefits, the Court REJECTS this portion of the Report and Recommendations, and REMANDS the case under Sentence Four of 42 U.S.C. § 405(g) for further expedited proceedings before a different administrative law judge.

Judgment shall be entered in favor of Plaintiff and against Defendant Commissioner.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 23, 2020

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE